THE BABCOCK & WILCOX COMPANY, PLAINTIFF, *v.* UNITED STATES, DEFENDANT.

Court No. 80-5-00772

(September 18, 1981)

RICHARDSON, J. *amicus curiae*, Sumitomo Metal Industries, Ltd., moves this court pursuant to Rule 24 (a) to intervene in this action as a party-in-interest with a view to petitioning the court for an order

---

[2] In view of this disposition of the case, it is unnecessary to reach defendant's contention that St. Paul lacks standing to maintain the action.

granting a rehearing of this court's decision culminating in an order dated August 20, 1981, or in the alternative, for a modification of the terms of such order to permit an interlocutory appeal therefrom to the Court of Customs and Patent Appeals. Additionally, Sumitomo moves the court for an order shortening the response time of the parties with respect to its motion to intervene, or in the alternative, enlarging the parties' time to move the court for a rehearing or modification of the decision of August 20th. Sumitimo asserts that it is an interested party involved in the administrative proceedings who has an unconditional right to intervene pursuant to 19 U.S.C., section 2631(j)(1)(B).

Rule 24(a) of the court's rules conditions a motion for intervenor status as a matter of right upon a "timely application". And section 2631 (j) (1) (B) states:

> Any person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade, may, by leave of court, intervene in such action, except that—
>
> \*   \*   \*   \*   \*   \*   \*
>
> (B) in a civil action under section 516A of the Tariff Act of 1930 [19 U.S.C. § 1516a], only an interested party who was a party to the proceeding in connection with which the matter arose may intervene, and such person may intervene as a matter of right \* \* \*

Thus, under section 2631(j)(1)(B) not only must the movant for intervenor status be an interested party, he must also be *a person who would be adversely affected or aggrieved* by the court's decision as of the time that the application is made. In other words, a person seeking leave to intervene in an action must make the application *before* the court's decision is rendered. [See in this connection Rule 24(c) of the court's rules which states that the motion shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought.]

Sumitomo is not in such posture, having waited until after the court's decision was made before making the motion to intervene and the motion ancillary to the intervention motion. In fact, the only relief which Sumitomo sought in this action prior to the decision with which it is now aggrieved was leave to appear in the action as *amicus curiae*, which was granted on July 15, 1980 upon its representation that it was an interested party and upon the consent of the parties in this action. And, Sumitomo, having participated in this action as *amicus curiae,* and having filed a brief in the action in

that capacity prior to the decision of August 20th, waived any right it would otherwise have had to intervene in the action.

Accordingly, the motions for leave to intervene and for ancillary relief must be denied.